UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:13-cv-80971-Marra/Matthewman

Addison Construction Corp.,
Addison Development Corp.,
and Daniel E. Swanson,

       Plaintiffs,

v.

Nationwide Mutual Fire Ins. Co.
and Nationwide Mutual Ins. Co.,

       Defendants.

_____/

Nationwide Mutual Fire Ins. Co.
and Nationwide Mutual Ins. Co.,

       Counter-Plaintiffs/Third-Party Plaintiffs,

v.

Addison Construction Corp.,
Addison Development Corp.,
and Daniel E. Swanson,

       Counter-Defendants,

Dean DeSantis and Laura DeSantis,

       Third-Party Defendants.

_____/

Dean DeSantis and Laura DeSantis,

       Intervenor Plaintiffs,

v.

Nationwide Mutual Fire Ins. Co.,

       Defendant-in-Intervention.

_____/

FILED BY_____KJZ_____D.C.

May 15, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER DENYING NATIONWIDE'S MOTIONS
## FOR A PROTECTIVE ORDER [DEs 114, 115]

**THIS CAUSE** is before the Court on Nationwide Mutual Fire Insurance Company's Motions for a Protective Order [DEs 114, 115]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 25. Third-Party Defendants/Intervenor Plaintiffs, the DeSantises, and Plaintiffs/Counter-Defendants Addison Construction Corporation responded to the motions. [DEs 117, 119]. Nationwide replied to the responses. [DEs 120, 123]. The Court held a lengthy telephonic hearing on the Motions on May 12, 2020. [DE 126]. At the conclusion of the May 12, 2020 hearing, the Court orally denied Nationwide's Motions. This written Order follows.

### Background

This case involves a dispute regarding insurance coverage over substantial state court damages awards. In the state court action seeking to determine liability and damages regarding a construction defect, Addison filed a Third-Party Complaint against Nationwide for breach of contract and a declaration, which was severed and removed by Nationwide to this Court. [DE 1]. The case was stayed from February 28, 2014, pending resolution of the state case determining liability and damages, until October 19, 2018. [DEs 18, 22]. After judgments were entered against the DeSantises and Addison, the DeSantises intervened in this action, and filed an Intervenor Complaint against Nationwide seeking a declaration that Nationwide is responsible for the judgment(s) entered against them. [DEs 27-1, 39, 41]. On May 29, 2019, Nationwide filed Third-Party claims against the DeSantises and counter claims against Addison, all of which sought indemnification and a declaration that Nationwide is not responsible for the judgment(s). [DE 35]. Nationwide asserted twenty-one affirmative defenses against the DeSantises and twenty-five affirmative defenses against Addison, and Nationwide seeks a broad range of affirmative relief.

[DE 35]. On March 3, 2020, the DeSantises filed cross claims against Addison, seeking indemnification and contribution. [DE 99].

In the present Motions, Nationwide seeks protective orders preventing Addison and the DeSantises from deposing its corporate representative pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. It argues that the matters on which the corporate representative would be deposed are irrelevant and protected by work product protections and the attorney-client privilege. Nationwide argues that this lawsuit will be decided based only on the language of the state court judgments and the insurance contracts as a matter of law, all of which are fully set forth in the pleadings. Thus, Nationwide claims that it would be prejudiced if its corporate representative must answer questions regarding its claims' decisions based thereon.

The DeSantises argue that Nationwide has asserted Third-Party claims against them and raised affirmative defenses; thus, they are entitled to discovery into the factual circumstances underlying these claims and defenses, as well as those underlying Nationwide's decision to disclaim coverage of the state court judgment. Addison asserts similar arguments in opposition to Nationwide's Motions. Both the DeSantises and Addison argue that the state court judgment(s) contains hundreds of pages of detailed factual findings relating to numerous insurance policies, containing different language, that were issued by two different Nationwide entities. Additionally, both argue that Nationwide can assert privilege or relevancy objections contemporaneously at the 30(b)(6) deposition.

## Analysis

Federal Rule of Civil Procedure 26(c) provides that a court "for good cause shown ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R. Civ. P. 26. "While Rule 26(c) articulates a single standard for ruling on a protective order motion, that of 'good cause,' the federal courts have

superimposed a somewhat more demanding balancing of interests approach under the Rule." *Farnsworth v. Center for Disease Control*, 758 F.2d 1545, 1547 (11th Cir. 1985) (citations omitted). In evaluating whether a party has satisfied the burden of "good cause," "a court should balance the non-moving party's interest in obtaining discovery and preparing for trial against the moving party's proffer of harm that would result from the [discovery]." *Barrata v. Homeland Housewares, LLC*, 242 F.R.D. 641, 642 (S.D. Fla. 2007) (citing *Farnsworth*, 758 F.2d at 1547). "Generally, a party moving for a protective order must make a specific demonstration of facts in support of the request, as well as of the harm that will result without a protective order." *Fargeon v. Am. Nat'l Prop. & Cas. Co.*, No. 08-60037-CIV, 2008 WL 11332027, at *4 (S.D. Fla. July 8, 2008) (citing *Dunford v. Rolly Marine Service, Co.*, 233 F.R.D. 635, 636 (S.D. Fla. 2005)).

In this case, Nationwide has not established good cause for a protective order. The DeSantises and Addison have important interests in obtaining discovery from Nationwide's corporate representative. They have been sued or counter-sued for millions of dollars, by Nationwide, and are entitled to depose its corporate representative into any and all factual circumstances giving rise to those claims. These interests outweigh any potential oppression or undue burden on Nationwide's part. The precise articulation of Nationwide's interests in seeking a protective order, rather than contemporaneous objections, was elusive, at best, at the May 12, 2020 hearing. Nationwide cannot assert affirmative claims and affirmative defenses and then refuse to permit its 30(b)(6) corporate representative to testify at a deposition. Such a procedure would be unfair and prejudicial to the DeSantis and Addison parties.

The Court is aware that this is, at its nature, an action to apply a state court judgment(s) to a series of insurance policies. Nationwide is correct when it cites black letter law for the proposition that such an action is amenable to decision as a matter of law. However, this is far too simple of a

characterization of the sprawling dispute at hand. All parties agree that two different Nationwide entities paid different amounts to different insureds, pursuant to certain policies out of a series of policies, as a result of multiple state court orders. Further, Nationwide is seeking a broad range of affirmative relief in its numerous affirmative defenses, and millions of dollars in indemnification in its primary claims. As such, this lawsuit is far too complex for the wholesale preclusion of the deposition of Nationwide's corporate representative on the grounds that certain questions may be irrelevant or privileged. Surely, Nationwide can assert contemporaneous objections if there is a good faith basis to do so in the face of questions which seek discovery into truly privileged areas.

The Court is not persuaded by Nationwide's argument that Addison and the DeSantises seek privileged information relating to its claims' analysis and determination. A simple review of the relevant notices of deposition belies this assertion. Further, at the hearing, counsel for both Addison and the DeSantises clearly stated that they were not seeking discovery into Nationwide's claim handling or claims file documents. Instead, Addison and the DeSantises seek discovery into the factual circumstances asserted by Nationwide to disclaim insurance coverage, and the factual circumstances surrounding Nationwide's claims and affirmative defenses. They are entitled to do so. "The discovery process is designed to fully inform the parties of the relevant facts involved in their case." *United States v. Pepper's Steel & Alloys, Inc.*, 132 F.R.D. 695, 698 (S.D. Fla. Oct. 17, 1990) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). To that end, Courts have routinely noted permissible areas of discovery in depositions of corporate representatives in coverage disputes.

For example, Addison and the DeSantises may inquire into the terms and conditions Nationwide is relying upon to disclaim coverage, or reserve its rights to disclaim coverage, and the facts supporting same; the facts supporting each and every of Nationwide's affirmative defenses; the facts supporting the allegations in its various claims against Addison and the DeSantises; and,

"the internal policies and procedures as they relate to [Nationwide's] claim." *D'Aprile v. UNUM Life Ins. Co. of America*, 2010 WL 3340197 at *3 (M.D. Fla. 2010). This includes "any rules, guidelines, protocols, standards, and criteria that were utilized by [Nationwide] when processing [the relevant] claim[s]." *Id.*; *Diamond State*, *Ins. Co. v. His House, Inc*., 2011 WL 146837 at *5 (S.D. Fla. 2011).

Nationwide primarily relies on *Diamond State* in support of its motion. In that case, the court prohibited the insured from deposing the insurance company's corporate representative. However, *Diamond State* is distinguishable from this case because the insurance company in that case sought only a declaration regarding coverage. Here, Nationwide asserts numerous affirmative defenses, affirmative claims, and seeks substantial monetary damages as well as declaratory relief. Further, there is no indication that the *Diamond State* matter contained multiple payments issued under multiple policies by multiple insurance entities, as well as hundreds of pages of state court judgments. As the court noted in *Diamond State*, "a breach of contract action may contemplate more than the interpretation of the plain language and may reach to other duties and/or obligations under the policy." *Diamond State*, 2011 WL 146837 at *5. This case presents an ideal scenario as any for "other duties and/or obligations" to come into play. Applying the relevancy and proportionality tests of Rule 26(b)(1), and balancing the respective interests of the parties, the deposition must go forward as the areas sought to be inquired into are appropriate under the unique facts of this case.

Finally, counsel for Nationwide argued at the hearing that Nationwide has no factual information other than advice it received from him as Nationwide's outside counsel. According to counsel, since Nationwide knows nothing other than what its counsel told Nationwide, everything that Nationwide's corporate representative would testify to is privileged. Thus, according to Nationwide's counsel, the deposition of Nationwide's corporate representative must be prohibited

in full. The logic of this argument is, to quote the late Justice Antonin Scalia, "pure applesauce." *King v. Burwell*, 135 S. Ct. 2480, 2501 (2015) (Scalia, J., dissenting).

Nationwide is a corporation and a party to this lawsuit. It is an entity separate from its outside defense counsel. Nationwide---not its counsel---asserts affirmative claims against multiple parties as well as numerous affirmative defenses. Nationwide is obligated to produce facts in support of its claims and defenses. Nationwide has discovery obligations in this case and it shall comply with those discovery obligations. Nationwide's corporate representative shall be fully prepared to answer with facts to support its claims, affirmative defenses, and the other areas of relevant inquiry in this lawsuit. Fed.R.Civ.P. 30(b)(6); 26(b)(1).

Based on the foregoing, Nationwide's Motions for a Protective Order are **DENIED**.

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 15th day of May, 2020.

WILLIAM MATTHEWMAN
United States Magistrate Judge