UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:13-cv-80971-Marra/Matthewman

Addison Construction Corp.,
Addison Development Corp.,
and Daniel E. Swanson,

        Plaintiffs,

v.

Nationwide Mutual Fire Ins. Co.
and Nationwide Mutual Ins. Co.,

        Defendants.
_____/

Nationwide Mutual Fire Ins. Co.
and Nationwide Mutual Ins. Co.,

        Counter-Plaintiffs/Third-Party Plaintiffs,

v.

Addison Construction Corp.,
Addison Development Corp.,
and Daniel E. Swanson,

        Counter-Defendants,

Dean DeSantis and Laura DeSantis,

        Third-Party Defendants.
_____/

Dean DeSantis and Laura DeSantis,

        Intervenor Plaintiffs,

v.

Nationwide Mutual Fire Ins. Co.,

        Defendant-in-Intervention.
_____/

FILED BY ____KJZ____ D.C.

Sep 14, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER DENYING THE DESANTIS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS [DE 140]

**THIS CAUSE** is before the Court on the Plaintiffs in Intervention/Third-Party Defendants, DeSantis' Motion to Compel Production of Documents [DE 140]. Nationwide filed a Response in Opposition [DE 142] and the DeSantises filed a Reply [DE 143]. Pursuant to Court Order, the parties filed a Joint Notice on September 11, 2020 [DE 172]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 25. The Court held a hearing via Zoom video teleconference on the Motions on September 14, 2020. At the conclusion of the September 14, 2020 hearing, the Court orally denied the DeSantis' Motion. This written Order follows.

## DISCUSSION

The parties represented in their Joint Notice [DE 172] that all discovery disputes raised in the DeSantis' Motion [DE 140] have been resolved except for five nearly identical Requests for Production numbered 28 through 32. In those five requests for production, the DeSantises seek "the complete underwriting file" for each relevant policy year (2004-2009).

Nationwide objects to producing the underwriting files,[1] arguing that this is only a coverage action regarding the scope of its indemnity obligation for judgments entered in the underlying state court construction defect lawsuit filed by the Vecellios against Addison Construction, Mr. Swanson, and the DeSantises. Nationwide correctly asserts that no bad faith claim has been filed against it in this action. Nationwide cites *Diamond State Ins. Co. v. His House, Inc.,* 2011 WL 146837 (S.D. Fla. Jan. 18, 2011), for the proposition that an insured is generally not entitled to evidence regarding its insurance company's underwriting of the policy, and *State Farm Mut. Auto. Ins. Co. v. O'Hearn*, 975 So. 2d 633 (Fla. 2d DCA 2008), for the proposition that an underwriting

---

[1] The Desantis' five RFP's numbered 28 through 32 and Nationwide's identical objection to each are filed on the docket at DE 140-2, pp. 11-12.

2

file is not subject to discovery prior to a finding that the insurer has an obligation to provide coverage.

In their argument regarding a previous discovery dispute, which resulted in the entry of this Court's Order Denying Nationwide's Motion for a Protective Order [DE 128], the DeSantises represented that they were not seeking any discovery into Nationwide's claim handling or claim file documents. [DE 128, p.5]. Further, in that Order, the Court narrowly held that the DeSantises could inquire, at a deposition of Nationwide's 30(b)(6) witness, into the terms and conditions that Nationwide is relying upon to disclaim coverage, or reserve its rights to disclaim coverage, and the facts supporting same; the facts supporting each and every of Nationwide's affirmative defense; the facts supporting the allegations in its various claims against Addison and the DeSantises; and, the internal policies and procedures as they relate to Nationwide's claims.[DE 128, p. 5].

The DeSantises now seek the "complete underwriting file" from Nationwide for each of the five policy years. But, as Nationwide correctly points out, this is not a bad faith action; rather, it is a coverage action regarding the scope of Nationwide's indemnity obligations.

At the September 14, 2020 hearing, the DeSantises argued that they were entitled to the underwriting files, or at least some portion of them, because of the issue of whether or not the DeSantises are "additional insureds" under the policies. They argue that this case is distinguishable from most cases dealing with this issue, because here, Nationwide is suing their insureds for millions of dollars. Regarding proportionality, the DeSantises argued that these documents are concise and are all held by Nationwide in one place.

After carefully considering the parties' positions, and the applicable rules and law, the Court finds that Nationwide's underwriting files for each policy year sought by the DeSantises are not relevant and proportional to the pending claims and defenses, pursuant to Federal Rule of Civil Procedure 26(b)(1). *See Ranger Constr. Indus., Inc. v. Allied World Nat'l Assurance Co.*, No. 17-

81226-CIV, 2018 WL 2999691, at *1 (S.D. Fla. June 15, 2018) (denying a motion to compel production of an insurer's underwriting file because it "appear[s] to be solely relevant to Plaintiff's bad faith claim, which has been abated."); *see also 902 Evergreen, LLC v. Scottsdale Ins. Co.*, No. 9:18-CV-81153, 2019 WL 7905061, at *1 (S.D. Fla. Feb. 4, 2019) (rejecting "Plaintiff's demand for the entire underwriting file in this breach of contract case" as frivolous, and finding that "the entire underwriting file is neither relevant nor proportional"); *see generally Diamond State Ins. Co. v. His House, Inc.,* 2011 WL 146837 (S.D. Fla. Jan. 18, 2011).

In the present case, the DeSantis' overbroad requests for production 28 through 32 would only uncover documents that would be relevant to a bad faith claim—but no bad faith claim has been asserted in this case. Such requests do not seek relevant and proportional discovery in this case. The DeSantises' Motion [DE 140] cites absolutely no case law to support their argument that the complete underwriting file (or any portion thereof) for each policy year is relevant and proportional to the pending claims and defenses in this case. Further, even though Nationwide's Response specifically argues that the complete underwriting files are not subject to production pursuant to *Diamond State*, *supra*, and *O'Hearn, supra* [DE 142, pp. 4-5, para. 1], the DeSantises' Reply does not even address that issue or submit any case law whatsoever.

Moreover, the Court's Order setting the hearing for Sept 14, 2020, also ordered the filing of a Joint Notice in which the parties were to provide a brief recitation of the position of each party as to any pending discovery dispute. But here, the Joint Notice filed by the parties merely stated that RFP's 28-32 remain at issue and did not provide a brief recitation of the parties' positions. And again, the DeSantises provided no case law support for its position in the Joint Notice.

Finally, the DeSantises submitted no case law at the September 14, 2020 hearing, whereas Nationwide relied upon its previously submitted authorities and also submitted *Bodo v. GeoVera Specialty Ins. Comany* (sic), No. 8:18-CV-678-T-30AAS, 2018 WL 6019200, at *2 (M.D. Fla. Nov.

16, 2018) for the proposition that a party requesting an insurer's underwriting file in a breach of contract case must establish how the file is relevant to showing that the contract terms are ambiguous. The DeSantises have not established how the underwriting files, or any portion thereof, are relevant to show that the contract terms are ambiguous, or for any other purpose in this lawsuit. The Court finds that Nationwide has properly supported its objections to requests for production 28 through 32, and those objections are due to be sustained.

Based on the foregoing, the DeSantis' Motion to Compel Production of Documents [DE 140] as to the complete underwriting files for each of the five policy years is **DENIED** as such discovery is irrelevant and disproportionate under Rule 26(b)(1). Further, the balance of the DeSantis' Motion [DE 140] is **DENIED as MOOT** based on the parties' resolution of those discovery disputes prior to the hearing per their Joint Notice [DE 172].

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of September, 2020.

WILLIAM MATTHEWMAN
United States Magistrate Judge